FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON KAPP,<br><br>                Plaintiff,<br><br>v.<br><br>JENNIFER MCDANIEL, in her<br>individual and official capacities,<br><br>                Defendant. | No. 1:25-CV-03109-SAB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

Before the Court is Plaintiff's First Amended Complaint, ECF No. 14. Plaintiff is proceeding *pro se* and *in forma pauperis*, see ECF No. 6. Defendant is represented by Brian Baker. The motion was considered without oral argument.

The Court has reviewed Plaintiff's First Amended Complaint and now *sua sponte* dismisses this matter without prejudice, pursuant to the *Younger* abstention doctrine. The Court also denies leave to amend.

## I.    BACKGROUND

This matter was filed in the U.S. District Court for the Eastern District of Washington on July 11, 2025. The Court conducted a 28 U.S.C. § 1915(e) review of the Complaint and dismissed with leave to amend on August 11, 2025. ECF No. 9. In his First Amended Complaint, Plaintiff brings claims for: (1) First Amendment Retaliation under 42 U.S.C. § 1983; (2) Denial of Access to Courts under the Fourteenth Amendment and 42 U.S.C. § 1983; and (3) Declaratory

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE ~ 1**

Judgment under 28 U.S.C. §§ 2201–2202. He notes in this amended complaint that on July 2, 2025, he filed a parallel claim in Yakima County Superior Court to compel Defendant's compliance under Washington State's Public Records Act, Wash. Rev. Code § 42.56. In the state action, he seeks statutory remedies and a compliance order.

In this action, Plaintiff alleges on multiple occasions between April and August of 2025, he submitted public records requests under Wash. Rev. Code § 42.56 seeking internal emails, supervisor communications, and administrative records relating to his employment at the Washington State Department of Veterans Affairs, Americans with Disabilities Act ("ADA") accommodation, and internal agency conflicts. He further alleges Defendant, in her capacity as a records manager, responded to his requests with partial records and intentionally stripped metadata, email headers, and dates from the records. He alleges she failed to certify the completeness of the records requests and did not verify the disclosures, resorting to making repetitive and frivolous demands for clarifications on word requests. Plaintiff alleges Defendant had notice that the Washington State Attorney General's Office issued a litigation hold on Plaintiff's ADA case but failed to preserve evidence, resulting in spoliation. He alleges this constituted an act of retaliation against him.

Plaintiff alleges Defendant's pattern of obstruction began after he started gathering evidence for his federal lawsuit, and the actions by Defendant were intentional and retaliatory. Plaintiff argues, absent a ruling from the Court, he cannot obtain relief for his legal claims.

He claims Defendant violated his First and Fourteenth Amendment rights to petition the government for redress, right to due process, and right to access public information necessary for legal redress. He further seeks a declaration that Defendant's conduct constitutes a violation of the United States Constitution and federal law.

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE ~ 2**

## II.    *YOUNGER* ABSTENTION DOCTRINE

Under the *Younger* abstention doctrine, federal courts generally shall not intervene in a matter when there is an ongoing, unresolved state proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971). The doctrine rests on the principals of federalism, comity, and equity:

> The notion of comity includes a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

The doctrine applies to both civil and criminal cases, particularly when "important state interests are involved." *Id.* at 432. Abstention is appropriate when (1) there is ongoing state judicial proceedings; (2) the proceeding implicates important state interests; (3) there is adequate opportunity in state proceedings to raise constitutional challenges; and (4) the relief requested seeks to enjoin or has the effect of enjoying the ongoing state judicial proceeding. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). If these factors are satisfied, federal courts shall not interfere with ongoing state proceedings, absent extraordinary circumstances including a threat of irreparable injury both "great and immediate." *Younger*, 401 U.S. at 46. Circumstances may also include acts of bad faith or harassment on the part of the state. *See Middlesex*, 457 U.S. at 437.

When a court determines *Younger* applies, it must dismiss without prejudice. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988). Finally, a federal court may raise *Younger* abstention *sua sponte*. *See San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE ~ 3**

### III.    PLAINTIFF'S FIRST AMENDED COMPLAINT

In his First Amended Complaint, Plaintiff newly informs the Court he has filed a parallel case in Yakima County Superior Court to compel Defendant's compliance under Washington State's Public Records Act. Given the overlap, the Court must consider the factors of the *Younger* abstention doctrine. *See ReadyLink Healthcare*, 754 F.3d at 758.

First, there is an ongoing related state judicial proceeding in Yakima County Superior Court. *Id.* Second, the proceeding involves the application of Washington State's Public Records Act, Wash. Rev. Code § 42.56, an enforcement action important to state interests. *Id.* Third, Plaintiff can raise his constitutional claims in state court. *Id.* Fourth, Plaintiff's requested relief would interfere with and have the effect of enjoining the state judicial proceeding because the state must first decide if Defendant and the Washington State Department of Veterans Affairs violated the Public Records Act, a question also at issue in this matter. *Id.*

Further, though Plaintiff alleges Defendant acted in bad faith when she failed to provide records he requested, he does not allege facts of bad faith, harassment, or other circumstances related to the state court proceedings. *See Middlesex*, 457 U.S. at 437.

The Court finds the *Younger* factors satisfied; thus, the Court is required to abstain and dismiss this matter without prejudice. *See Beltran*, 871 F.2d at 782.

### IV.    NO LEAVE TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, 28 U.S.C. § 1915(e)(2). Fed. R. Civ. P. 15(a) provides that a court shall grant leave to amend freely "when justice so requires." If deficiencies in a pleading can be cured by the allegation of other facts, a court must consider this in deciding whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE ~ 4**

(9th Cir. 2000).

The Court finds amendment futile because *Younger* abstention applies.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Plaintiff's First Amended Complaint, ECF No. 14, is **DISMISSED, without leave to amend and without prejudice**, pursuant to the *Younger* abstention doctrine.

2.      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

3.      This matter is **DISMISSED without prejudice**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide a copy to *pro se* Plaintiff and counsel, and **close the file**.

**DATED** this 28th day of August 2025.



Stan Bastian
Chief United States District Judge

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE ~ 5**